1  Scott D. Cunningham (State Bar No.: 200413)
   Email: scunnigham@condonlaw.com
2  Ivy L. Nowinski (State Bar No.: 268564)
   Email: inowinski@condonlaw.com
3  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 850
4  Los Angeles, California 90067-6010
   Telephone: (310) 557-2030
5  Facsimile: (310) 557-1299

6  Attorneys for Defendant
   DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, doing business as
7  LUFTHANSA GERMAN AIRLINES

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | GHAMAR FAZLELAHI and        ) Case No.
   | EBRAHIM BAGHERI,            )
12 |                             ) **NOTICE OF REMOVAL OF**
   |       Plaintiffs,           ) **CIVIL ACTION PURSUANT TO**
13 |                             ) **28 U.S.C. § 1441 ON THE**
   |   vs.                       ) **GROUNDS OF DIVERSITY OF**
14 |                             ) **CITIZENSHIP AND FEDERAL**
   | LUFTHANSA GERMAN AIRLINES   ) **QUESTION JURISDICTION**
15 | aka DEUTSCHE LUFTHANSA      ) **UNDER 28 U.S.C. §§ 1332 AND**
   | AKTIENGESELLSCHAFT, and DOES) **1331**
16 | 1 through 25 Inclusive,     )
   |                             )
17 |       Defendants.           )
   |                             )
18 |_____)

19  TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

20  CENTRAL DISTRICT OF CALIFORNIA:

21         Defendant Deutsche Lufthansa Aktiengesellschaft, doing business as

22  Lufthansa German Airlines (hereinafter referred to as "Lufthansa"), by and through

23  its attorneys of record, Condon & Forsyth LLP, hereby removes this pending

24  action from the Superior Court of the State of California for the County of Los

25  Angeles to the United States District Court for the Central District of California on

26  the following grounds:

27         1.    On September 21, 2015, there was filed in the Superior Court of the

28  State of California for the County of Los Angeles the attached Summons and

---

NOTICE OF REMOVAL OF CIVIL ACTION                                LAOFFICE 126848V.1

Complaint bearing Case No.: BC595221 in the records and files of that court. True and correct copies of the Summons and Complaint filed in the state court are attached as Exhibit "A."

2. Lufthansa was served with copies of the Summons and Complaint on September 23, 2015, via its registered agent for service, CT Corporation. Therefore, the thirty-day time period for removal provided in 28 U.S.C. § 1446(b) has not yet elapsed.

3. This is a civil action by plaintiffs Ghamar Fazlelahi and Ebraham Bagheri ("Plaintiffs") against Lufthansa. Plaintiffs seek damages for personal injuries, delayed and cancelled flights, and other damages which allegedly arose in the course of their international carriage by air on Lufthansa flights from Los Angeles to Tehran, Iran, via Frankfurt, Germany, on or about September 29, 2014, and on their return from Tehran to Los Angeles, via Frankfurt, on December 10, 2014. According to Plaintiffs' Complaint, Lufthansa delayed and/or cancelled plaintiff Ghamar Fazlelahi's flights, causing her severe and debilitating emotional distress, medical expenses, and severe pain and suffering. Plaintiff Ghamar Fazlelahi claims that Lufthansa mistreated her by forcing her to remain without food or water for approximately seven hours in a secluded waiting area. Plaintiff Ghamar Fazlelahi further claims that Lufthansa forced her to board a different flight than the one she originally paid for on a much smaller aircraft, forcing her to sit in an extremely cramped seat and preventing her from moving around inside the aircraft. Plaintiff Ghamar Fazlelahi claims that Lufthansa breached its contract with her and defrauded her by forcing her to pay $500 for a seat which she had already paid for. In addition, plaintiff's husband Ebrahim Bagheri is making a loss of consortium claim due to the alleged injuries suffered by plaintiff Ghamar Fazlelahi. Plaintiffs seek compensatory and punitive damages. *See* Plaintiffs' Complaint attached hereto as Exhibit "A."

4. At the time of the alleged incidents, plaintiff Ghamar Fazlelahi was

traveling pursuant to a contract of carriage which provided for roundtrip carriage originating and terminating in Los Angeles, California, with intermediate stopping places at Frankfurt, Germany and Tehran, Iran.

## FIRST GROUND FOR REMOVAL – ORIGINAL JURISDICTION FOUNDED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332

5. This is a civil action over which this Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Lufthansa pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.

6. Lufthansa is informed and believes that Plaintiffs are citizens of the United States who maintain their residence in Los Angeles, California. Plaintiffs are, therefore, citizens of a State for the purposes of 28 U.S.C. § 1332.

7. Lufthansa is not now and never has been a citizen of the state of California. Lufthansa is now and at all times relevant to this action has been a corporation organized and existing under the laws of the Federal Republic of Germany, with its principal place of business located in Germany. Lufthansa is, therefore, a citizen or subject of a foreign state for the purposes of 28 U.S.C. § 1332.

8. The remaining Doe defendants identified as "Does 1 through 25" in Plaintiffs' Complaint are merely fictitious parties against whom no cause of action can be validly alleged. To the best of Lufthansa's information and belief, no other fictitiously designated defendant has been served with process. The citizenship of defendants sued under fictitious names, therefore, must be disregarded pursuant to

28 U.S.C. § 1441(b)(1).

9. Plaintiffs' Complaint, originally filed in the Los Angeles Superior Court of unlimited jurisdiction, alleges that Lufthansa caused plaintiff Ghamar Fazlelahi severe and debilitating emotional distress, medical expenses, and severe pain and suffering and caused plaintiff Ebrahim Bagheri lost of comfort, services and companionship of his beloved wife.  Plaintiffs' Complaint seeks compensatory damages, punitive damages, and statutory attorneys' fees. *See* Complaint, attached as Exhibit "A." Accordingly, based on the totality of Plaintiffs' allegations, Lufthansa is informed and believes that the matter in controversy exceeds $75,000 exclusive of interest and costs.

10. Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**SECOND GROUND FOR REMOVAL - FEDERAL QUESTION UNDER 28 U.S.C. § 1331 - ORIGINAL JURISDICTION FOUNDED ON CLAIMS ARISING UNDER THE MONTREAL CONVENTION, A UNITED STATES TREATY**

11. This Court has original jurisdiction based upon the existence of a federal question pursuant to 28 U.S.C. § 1331, in that it arises under the Montreal Convention, a treaty of the United States.  This action, therefore, may be removed to this Court by Lufthansa pursuant to the provisions of 28 U.S.C. § 1441(a). *See Jack v. Trans World Airlines, Inc.,* 820 F. Supp. 1218 (N.D. Cal. 1993); *Fadhliah v. Société Air France*, 987 F. Supp. 2d 1057, 1066 (C.D. Cal. 2013); *Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1153 (8th Cir. 1999); *Lee v. AMR Corp.,* No. CIV.A. 15-2666, 2015 WL 3797330, at *1 (E.D. Pa. June 18, 2015); *Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 387 (E.D.N.Y. 2012); *Singh*

*v. N. Am. Airlines*, 426 F. Supp. 2d 38, 45 (E.D.N.Y. 2006); *Garcia v. Aerovias de Mexico, S.A.*, 896 F. Supp. 1216, 1218 (S.D. Fla. 1995); *Razi v. Qatar Airways Q.C.S.C.*, 4:12-CV-2073, 2014 WL 496654 at *1 (S.D. Tex. Feb. 6, 2014); *Masudi v. Brady Cargo Services, Inc.*, 2014 WL 4416502 (E.D.N.Y.); *Nnebe v. Northwest Airline* 2012 WL 1079850, 1 (D.N.J. March 30, 2012); *Rubin v. Air China Limited,* 2011 WL 1002099 (N.D. Cal. March 21, 2011); *Garrisi v. Northwest Airlines, Inc.*, No. 10-12298, 2010 WL 3702374, at *5 (E.D. Mich. Sep. 16, 2010); *Schaefer–Condulmari v. U.S. Airways Grp., Inc.*, No. 09–1146, 2009 U.S. Dist. LEXIS 114723, at *23–29 (E.D. Pa. Dec. 8, 2009); *Jones v. USA 3000 Airlines*, 2009 WL 330596 (E.D. Mo. Feb 9, 2009); *Schoeffler–Miller v. Northwest Airlines, Inc.*, No. 08-CV-4012, 2008 WL 4936737, at *3 (C.D. Ill. Nov.17, 2008); *Knowlton v. American Airlines, Inc.*, No. RDB-06-854, 2007 WL 273794, at *5 (D. Md. Jan. 31, 2007); *Awimer v. Yollari*, No. 1:15-CV-69 GEB-GSA, 2015 WL 5922206, at *1 (E.D. Cal. Oct. 9, 2015); *Cattaneo v. Am. Airlines, Inc.*, No. 15-CV-01748-BLF, 2015 WL 5610017, at *1 (N.D. Cal. Sept. 24, 2015).

12. The Montreal Convention, formally known as the Convention for the Unification of Certain Rules for International Air Carriage by Air, May 28, 1999 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734, is the successor to the Warsaw Convention, (*Narayanan v. British Airways*, 747 F.3d 1125, ft. 2 (9th Cir. 2014)) and unifies and replaces the system of liability that derives from the Warsaw Convention. *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371 (2d Cir. 2004).

13. The Montreal Convention is applicable to all "international carriage of persons, baggage or goods performed by aircraft for reward." Montreal Convention, Art. 1(1); *Narayanan*, *supra*, 747 F.3d at 1127; *Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023, 1026 (9th Cir. 2011).

14. Lufthansa is informed and believes that, at the time of the alleged

incident, plaintiff Ghamar Fazlelahi was traveling pursuant to a roundtrip ticket originating and terminating in the United States with intermediate stopping places at Frankfurt, Germany and Tehran, Iran.

15. The United States is a signatory to the Montreal Convention and the Montreal Convention entered into force in the United States on November 4, 2003.

16. The carriage out of which the subject matter of this action arose was, therefore, "international carriage" as defined by Article 1(2) of the Montreal Convention. As a treaty of the United States, the Montreal Convention preempts all state law claims inconsistent with its terms. By its express terms, the Montreal Convention provides the exclusive remedy for all claims by passengers arising from international carriage by air. Montreal Convention, Art. 29; *Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 114 (S.D.N.Y. 2004); s*ee El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999) (Warsaw Convention) and *Carey v. United Airlines*, 255 F.3d 1044 (9th Cir. 2001) (same).

17. Accordingly, Plaintiffs' state law claims are preempted by the Montreal Convention, and Plaintiffs' action can only be brought subject to the conditions set out in the Montreal Convention, which provides the exclusive remedy for their claims.

**THIRD GROUND FOR REMOVAL - FEDERAL QUESTION UNDER 28 U.S.C. § 1331 – ORIGINAL JURISDICTION FOUNDED ON CLAIMS ARISING UNDER AIRLINE DEREGULATION ACT (LAWS OF THE U.S.)**

18. This is a civil action over which this Court has original jurisdiction based on the existence of a federal question pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court by Lufthansa pursuant to the provisions of 28 U.S.C. § 1441(b), in that it arises under the Airline Deregulation Act of 1978 ("ADA"), Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended at 49 U.S.C. §§

40101–44310 (1994)).

19. The ADA expressly preempts states from enacting or enforcing laws, regulations, or other provisions having the force and effect of law related to a price, route or service of an air carrier. 49 USC §41713(b). "State enforcement actions having a connection with, or reference to, airline 'rates, routes, or services,' are preempted under 49 U.S.C. App. §1305(a)(1) [49 U.S.C.S. Appx. §1305(a)(1)]." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992); *see also Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422, 1431, 188 L. Ed. 2d 538 (2014); *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 222 (1995).

20. Since the purpose of the ADA is to encourage competition, the ADA preempts claims related to an air carrier's commercial services which are not compelled by federal law or competitive market forces. *Rowe v. New Hampshire Motor Transport Association,* 552 U.S. 364, 128 S. Ct. 989, 169 L. Ed. 3d 933 (2008).

21. "Service" under the ADA has been defined as "the provision or anticipated provision of labor from the airline to its passengers, baggage handling and food and drink—matters incidental to and distinct from the actual transportation of passengers." *Air Transport Association of America v. Cuomo*, 520 F.3d 218, 223 (2d Cir. 2008).

22. Plaintiffs' Complaint seeks damages relating to airline rates and services provided by Lufthansa. Plaintiffs allege that Lufthansa delayed and cancelled plaintiff Ghamar Fazlelahi's flight causing her to board a different flight than the one she previously paid for on a much smaller aircraft, forcing her to sit in extremely cramped seat and preventing her from moving around inside the airplane by unlawfully overbooking the flight causing passengers to sleep or sit in the aisles. Plaintiffs also allege that Lufthansa wrongfully forced her to pay $500 to obtain confirmed seats on Lufthansa's flights. The alleged actions of Lufthansa relate to Lufthansa's rates and services, and accordingly, Plaintiffs' state law

claims are completely preempted by the ADA.

23. Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1331, as the action arises under laws of the United States, namely the ADA.

**RULE 44.1 NOTICE**

24. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Lufthansa hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

WHEREFORE, defendant Deutsche Lufthansa Aktiengesellschaft prays that the above-entitled action now pending in the Superior Court of California for the County of Los Angeles, be removed to this Court.

Dated: October 21, 2015        CONDON & FORSYTH LLP


By:/s/ Scott D. Cunningham
   SCOTT D. CUNNINGHAM
   IVY L. NOWINSKI
   Attorneys for Defendant
   DEUTSCHE LUFTHANSA
   AKTIENGESELLSCHAFT, doing business
   as LUFTHANSA GERMAN AIRLINES

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030